# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENARD DARNELL NEAL, | 1:10-cv-00005-SMS (HC) |
| Petitioner, | |
| v. | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO TERMINATE ACTION |
| HECTOR RIOS, JR., | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (Court Doc. 3.)

Petitioner filed the instant petition for writ of habeas corpus on December 31, 2009. (Court Doc. 1.) Petitioner states that he was convicted by a jury of bank robbery on November 10, 1990. His conviction was affirmed on appeal and his motion to vacate and/or set aside the judgment pursuant to 28 U.S.C. § 2255 was denied in June 1998. (Petition, at p. 15.)

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing

1

court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

As an initial matter, the instant petition is filled with incoherent and nonsensical rambling about various issues of which the Court cannot decipher the intent and nature of Petitioner's claim(s). Petitioner does not present any claims that are cognizable under section 2241. Indeed, it appears that Petitioner's challenge is to his criminal conviction that occurred out-of-state. However, any challenge to that conviction must be raised by way of section 2255 to the sentencing court. Petitioner appears to acknowledge such as he indicates he previously filed a section 2255 which was denied. The fact that a previous 2255 motion has been denied does not render that relief inadequate or ineffective, and Petitioner presents no argument or evidence to the contrary. See Aronson v. May, 85 S.Ct. at 5 (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate). Accordingly, the instant petition for writ of habeas corpus must be DISMISSED in its entirety.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus be DISMISSED for failure to state a cognizable federal claim; and,

2. The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

**Dated:　February 5, 2010**　　　　　　　　　　/s/ Sandra M. Snyder
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE